IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Case No. 5:20-CR-00215-M-1

| UNITED STATES OF AMERICA, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
| v. | ) | ORDER |
|  | ) |  |
| ANTONIO LAMONT COOK, | ) |  |
|  | ) |  |
| Defendant. | ) |  |

This matter comes before the court on Defendant's motion to "modify his sentence under 18 U.S.C. § 3582(c)(1)(A)(i)." DE 49 at 1. The court finds that Defendant has not demonstrated extraordinary and compelling reasons for a reduced sentence. Accordingly, Defendant's motion is DENIED.

## I. Abbreviated Factual and Procedural History

On May 5, 2020, Defendant was charged in an Indictment with six counts of possession with intent to distribute cocaine base (crack), one count of possession of a firearm in furtherance of a drug trafficking crime, and one count of possession of a firearm as a felon. DE 1 at 1–3. Pursuant to a plea agreement, Defendant pleaded guilty to one of the six drug charges and to possessing a firearm as a felon. DE 29. The remaining six charges were dismissed. DE 43.

At the sentencing hearing, the court applied a Chapter Four enhancement based on Defendant's status as a career offender. DE 45; *see also* U.S.S.G. § 4B1.1. Defendant had been previously convicted in North Carolina state court of Possession With the Intent to Manufacture, Sell, or Deliver Marijuana and the consolidated offenses of Burglary, Robbery With a Dangerous Weapon, two counts of Kidnapping, Robbery With a Dangerous Weapon, and Attempted Robbery

With a Dangerous Weapon. DE 40 at 9. Defendant contested this enhancement, arguing that the possession charge did not qualify as a "controlled substance offense" under § 4B1.1(a), because the statute of conviction was later amended to exclude industrial hemp, thus making the statute of conviction broader than what the Guidelines now contemplate. DE 38 at 5. The court disagreed, ultimately sentencing Defendant to a total term of imprisonment of 155 months. DE 44.

Defendant now moves for a sentence modification, arguing that pursuant to the Fourth Circuit's decision in *United States v. Locklear*, he no longer would have been considered a career offender. No. 19-4443, 2022 WL 2764421 (4th Cir. July 15, 2022); DE 49 at 1, 3. The court disagrees.

## II.   Legal Standards

Typically, a sentencing court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). "Congress provided an exception to that general rule . . . which permits courts to reduce a sentence or permit immediate release based on extraordinary and compelling reasons warranting such relief." *United States v. Centeno-Morales*, 90 F.4th 274, 278 (4th Cir. 2024) (quoting 18 U.S.C. § 3582(c)) (cleaned up). Once, these requests could only come from the Director of the Federal Bureau of Prisons. 18 U.S.C. § 3582(c)(1)(A) (2002). Following the passage of the First Step Act, however, federal inmates were authorized to directly file motions for compassionate relief once they "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or [at] the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *Id.*; *see also Centeno-Morales*, 90 F.4th at 279.

In considering these motions, a district court must conduct a two-step analysis. *Id.* First, the court must determine whether a defendant is eligible for a sentence reduction because he or

she has demonstrated extraordinary and compelling reasons for release. 18 U.S.C. § 3582(c)(1)(A)(i); *United States v. Hargrove*, 30 F.4th 189, 194–95 (4th Cir. 2022). Any potential sentence reduction must be consistent with applicable policy statements issued by the United States Sentencing Commission, and the Commission has promulgated a non-exhaustive list of circumstances constituting acceptable "extraordinary and compelling" rationales. *United States v. Davis*, 99 F.4th 647, 654 (4th Cir. 2024); U.S.S.G. § 1B1.13(b). Because this list is non-exhaustive, a district court "has authority to consider any 'extraordinary and compelling reason' that a defendant might raise, regardless of the Sentencing Commission's pronouncements or . . . definitions." *United States v. Hall*, No. 09-CR-0520, 2024 WL 1485724, at *1 (D. Md. Apr. 5, 2024) (citing *United States v. McCoy*, 981 F.3d 271, 284 (4th Cir. 2020)).

Second, if the court finds there are extraordinary and compelling reasons for a sentencing modification, it must then evaluate the relevant § 3553(a) sentencing factors. *Centeno-Morales*, 90 F.4th at 279. The defendant bears the burden of showing why the § 3553(a) factors justify a modified sentence, *id.*, and a court may deny the defendant's motion based on its own analysis of the factors, even if an extraordinary and compelling circumstance exists. *See United States v. Kibble*, 992 F.3d 326, 331–32 (4th Cir. 2021). It is "significant when the same judge who sentenced the defendant rules on the compassionate release motion" because that judge is most familiar with that defendant and is best suited to assess whether a different sentence is now warranted. *United States v. Bethea*, 54 F.4th 826, 834 (4th Cir. 2022) (cleaned up).

**III. Analysis**

A. Exhaustion

The court finds that Defendant has adequately exhausted his administrative remedies. On December 5, 2022, Defendant submitted a request to his warden for compassionate relief. DE 49

3

at 5. On December 14, 2022, his request was denied. *Id.* at 4. Having exhausted the Federal Bureau of Prisons' internal procedures, Defendant brings this motion. *See* 18 U.S.C. § 3582(c).

### B. Extraordinary and Compelling Reasons

Defendant argues that the Fourth Circuit's decision in *United States v. Locklear* would now preclude a finding that he was a career offender at the time of his sentencing. DE 49 at 1. This, he argues, is an extraordinary and compelling reason to modify his sentence. *Id.* at 3.

The United States Sentencing Guidelines provide for an offense level enhancement for defendants who are career offenders. U.S.S.G. § 4B1.1(b). This classification applies when "(1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." § 4B1.1(a).

To determine whether a predicate offense qualifies as a "controlled substance offense," courts in the Fourth Circuit apply a categorical approach. *United States v. Campbell*, 22 F.4th 438, 441 (4th Cir. 2022). This requires an examination of whether the "least culpable" conduct criminalized by the predicate offense would also categorically qualify as a controlled substance offense under the Guidelines. *Id.* Applying this test, the Fourth Circuit in *Campbell* held that a West Virginia statute did not qualify as a controlled substance offense because, unlike the Sentencing Guidelines—which were interpreted to only cover completed offenses—the state statute criminalized the *attempt* to deliver controlled substances. *Id.* at 444, 449. Because a defendant could plausibly be convicted under the predicate statute for conduct not encompassed by the Guidelines' definition, the career offender enhancement was deemed inapplicable. *Id.* at 449.

4

Later that year, the Fourth Circuit decided *United States v. Locklear*, holding in an unpublished opinion that *Campbell*'s rationale extended to N.C. Gen. Stat. § 90-95(a)(1)—North Carolina's controlled substance statute. 2022 WL 2764421, at *3 (4th Cir. July 15, 2022) ("We therefore conclude that Locklear's 2003 conviction is not a controlled substance offense, and the district court erred in applying the career offender enhancement.").

*Locklear*'s holding was never binding, but its rationale may have been persuasive had the Fourth Circuit not subsequently decided *United States v. Groves*, 65 F.4th 166 (4th Cir. 2023) and *United States v. Miller*, 75 F.4th 215 (4th Cir. 2023). In *Groves*, the court applied *Campbell* to a federal statute criminalizing certain drug distributions. 65 F.4th at 173. It held that a prior conviction under the statute was a controlled substance offense. *Id.* Importantly, the court emphasized that despite the similarity in language between the federal and West Virginia statutes, the federal statutory scheme criminalized attempt offenses separately from completed distribution offenses. *Id.* at 173–74. This was sufficient to distinguish the case from *Campbell*. *See id.* at 174. With that interpretive framework in mind, *Miller* departed from *Locklear* and held that a conviction under N.C. Gen. Stat. § 90-95(a)(1) was a controlled substance offense because North Carolina criminalized attempt offenses separately from the completed distribution offense. *Miller*, 75 F.4th at 230; *see also* N.C. Gen. Stat. § 90-98 ("[A]ny person who attempts or conspires to commit any offense defined in this Article is guilty of an offense that is the same class as the offense which was the object of the attempt or conspiracy . . ."). This court is bound by that holding, so it rejects Defendant's argument that *Locklear* conclusively prevents § 90-95(a) from serving a predicate controlled substance offense.

The amendment to § 90-95(a) excluding hemp from the list of controlled substances does not otherwise prevent Defendant's drug conviction from serving as a predicate offense. At the

5

time of Defendant's conviction, North Carolina law defined marijuana as

> all parts of the plant of the genus Cannabis, whether growing or not; the seeds thereof; the resin extracted from any part of such plant; and every compound, manufacture, salt, derivative, mixture, or preparation of such plant, its seeds or resin, but shall not include the mature stalks of such plant, fiber produced from such stalks, oil, or cake made from the seeds of such plant, any other compound, manufacture, salt, derivative, mixture, or preparation of such mature stalks (except the resin extracted therefrom), fiber, oil, or cake, or the sterilized seed of such plant which is incapable of germination.

§ 90-87(16) (2011). Effective October 31, 2015, however, the North Carolina General Assembly amended the statute to exclude industrial hemp from this definition, § 90-87(16) (2015), and as of the date of this order, all hemp and hemp products are excluded. § 90-87(16) (2022).

Defendant seems to argue that a conviction under § 90-95(a) can no longer serve as a predicate offense because the statute has been amended to prohibit fewer substances. *See* DE 49 at 2–3. This argument is not fleshed out in the *pro se* motion, but before his sentencing hearing, Defendant argued that

> [b]ecause §4B1.2(b) defines the term "controlled substance" to encompass only those substances currently outlawed by state or federal schedules, *United States v. Ward*, 972 F.3d 372, 374 (4th Cir. 2020), and because hemp has been delisted from the state and federal schedules, Mr. Cook's 2015 North Carolina conviction could have been for hemp and so does not categorically qualify as a "controlled substance offense."

DE 38 at 8 (cleaned up). Liberally construing the present motion, the court assumes that Defendant now makes the same argument.

As it did at sentencing, the court rejects this view. *Ward* does not say that the Guidelines' definition of "controlled substance" is limited to substances that are currently criminalized. *See Ward*, 972 F.3d at 367–75. It holds simply that for the purposes of § 4B1.2(b), state law may define "controlled substance" to cover more or fewer substances than federal law without running afoul of the categorical approach. *Id.* at 372. And while there are disagreements among the circuits

6

as to whether the Guidelines' definition incorporates state drug schedules at the time of conviction or at sentencing, either approach would affirm that the 2011 definition of marijuana controls as Defendant was sentenced prior to the October 2015 amendment.[1] DE 40 at 9; *see United States v. Gibson*, 55 F.4th 153, 159, 166 (2d Cir. 2022) (concluding that an at-the-time-of-sentencing definition is "more appropriate"); *United States v. Dubois*, 94 F.4th 1284, 1298 (11th Cir. 2024) ("We adopt a time-of-state-conviction rule: the term 'controlled substance' . . . means a substance regulated by state law when the defendant was convicted of the state drug offense, even if it is no longer regulated when the defendant is sentenced for the federal firearm offense.").

In sum, Defendant is incorrect that either *Locklear* or the 2015 amendment to N.C. Gen. Stat § 90-95(a) affect his designation as a career offender. The court, therefore, concludes that Defendant does not identify an extraordinary and compelling reason for relief. *See* 18 U.S.C. § 3582(c)(1)(A)(i).

### C. Section 3553(a)

Defendant failed to present extraordinary and compelling reasons for a sentence reduction, so he is not entitled to relief. *See* 18 U.S.C. § 3582(c)(1)(A). Even if he had, the court would still decline to reduce his sentence after considering the factors set forth in §3553(a). *Id.* The court notes at the outset the significance of it having previously considered the § 3553(a) factors at Defendant's sentencing hearing. *See Kibble*, 992 F.3d at 331–32. It is familiar with Defendant's present charges and finds that Defendant's original sentence remains sufficient but not greater than necessary to comply with the goals of sentencing. The imposed sentence reflects the horribly

---

[1] Defendant also references an amendment to the federal drug schedule excluding hemp from its list of controlled substances. DE 49 at 2. As Defendant's predicate offense arose from a violation of state law, the court only considers the state definition of "controlled substance." *See Ward*, 972 F.3d at 372 ("Where a defendant is convicted under a state statute, we look to see how the state law defining that offense defines the punishment and the prohibited conduct . . .").

7

destructive nature of cocaine and the fact that Defendant possessed a firearm as a convicted felon. DE 44. Defendant's extensive criminal history and designation as a career offender further persuade the court that the imposed sentence remains appropriate.

For the foregoing reasons, Defendant's motion for a sentence modification is DENIED.

SO ORDERED this 9th day of October, 2024.

*Richard E Myers II*
RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE